IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKLIN ORDONEZ,

      Petitioner,

v.

JAMAL L. JAMISON, et al.,

      Respondents.

CIVIL ACTION
NO. 26-1667

## ORDER

**AND NOW**, this 31st day of March 2026, upon consideration of Petitioner Franklin

Ordonez's Petition for Writ of Habeas Corpus (Doc. Nos. 1, 2), Petitioner's Motion for a

Temporary Restraining Order (Doc. Nos. 3, 4), and Respondents' Response in Opposition to

Petitioner's Habeas Petition and Petitioner's Motion for a TRO (Doc. No. 6), it is **ORDERED**

that Petitioner's Petition for Writ of Habeas Corpus (Doc. Nos. 1, 2) and his Motion for a

Temporary Restraining Order (Doc. Nos. 3, 4) are **DENIED as moot**.[1]  It is **FURTHER**

**ORDERED** that the Clerk of Court shall **CLOSE this case** for statistical purposes.

---

[1]  Petitioner Franklin Ordonez ("Petitioner") is a citizen of Ecuador who entered the United States in 2021.  (Doc. No. 1 at 2.)  On March 13, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents.  (Id.)  Petitioner was initially detained at the Federal Detention Center ("FDC") in Philadelphia.  (Id.)

On March 14, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court.  In that Petition, he asks the Court to order his release or to give him a bond hearing in front of an Immigration Judge.  (Doc. No. 1 at 2, 14, 15.)  On March 19, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO").  (Doc. Nos. 3, 4.) On March 24, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition and his Motion for a TRO.  (Doc. No. 6.)

In his Petition, Petitioner submits that Respondents are detaining him in violation of 8 U.S.C. § 1226(a) and its accompanying regulations, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment.  (Doc. No. 1 at 9–14.)  Respondents counter this submission by contending that Petitioner's detention does not violate the Due Process Clause

BY THE COURT:

/s/ Joel H. Slomsky
_____
JOEL H. SLOMSKY, J.

---

because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States.  (See Doc. No. 6 at 5–10.)  In their Response, Respondents also reported that Petitioner—on March 13, 2026—signed a Voluntary Departure and Verification of Departure form ("Form I-210").  (See Doc. No. 6 at Exs. 1, 2.)  On Petitioner's Form I-210, he agreed to voluntarily depart the United States at the government's expense by April 13, 2026.  (Id.)  On March 20, 2026, counsel for Respondents contacted the Court and counsel for Petitioner, stating that Petitioner was scheduled to voluntarily depart from the United States on March 26, 2026.  Counsel for Petitioner responded on March 31, 2026, confirming that Petitioner had been removed to Ecuador.

Because Petitioner has voluntarily departed from the United States, Petitioner's Habeas Petition and his Motion for a TRO are now moot.  Accordingly, the Court will deny Petitioner Franklin Ordonez's Petition for Writ of Habeas Corpus (Doc. Nos. 1, 2) and Motion for a TRO (Doc. Nos. 3, 4).